951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BUDGET RENT-A-CAR SYSTEMS, INC., Plaintiff-Appellant,
v.
COUNTY OF WAYNE, Defendant-Appellee.
 No. 90-1962.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1991.
 
 Before MERRITT, Chief Circuit Judge, and ALAN E. NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Budget-Rent-A-Car Systems, Inc., appeals from the order of the district court granting summary judgment to defendant, Wayne County.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court erred in granting summary judgment to defendant.
 
 
 3
 As the reasons why judgment should be entered for defendant have been articulated by the district court, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning set out by that court in its Memorandum Opinion and Order of July 20, 1990.
 
 
 4
 MERRITT, Chief Judge, concurring.
 
 
 5
 Plaintiff Budget Rent-A-Car ("Budget") appeals the decision of the United States District Court for the Eastern District of Michigan which granted defendant Wayne County's motion for summary judgment and denied the plaintiff's motion for summary judgment. The defendant owns and operates a municipal air terminal and, under a statutory grant of authorization, devised an access fee system for those car rental companies contracting for terminal space from the defendant. The plaintiff, who has signed at least four concessions contracts with the defendant for over a decade, challenges paragraph ten of the latest of these contracts.
 
 
 6
 Under that paragraph, Budget was required to pay 9.5 percent of its gross revenues derived from in-terminal rentals for the defendant. Moreover, under a "radius" clause, the plaintiff was also required to pay the same percentage to the defendant for any local rentals made at any of Budget's outlying facilities located within a three-mile radius of the terminal's boundaries, regardless of whether local rentals were returned to the terminal site or an off-terminal site. This provision is contained in the concession contracts of all other rental companies leasing space from the defendant at the terminal. In exchange for these percentages of gross revenue, the defendant provides counter space, advertising facilities, and courtesy "pull-off" parking spaces.
 
 
 7
 Apparently in part to avoid these fees, an unspecified number of Budget's competitors use courtesy cars to pick up potential customers at the terminal and to drive them to their off-terminal facilities outside the three-mile radius. Since these competitors have not contracted with the defendant, no access fees have been imposed on them. The plaintiff currently has two facilities affected: an earlier-constructed off-terminal site and a recently opened in-terminal site. The former is intended only for local rentals, while the latter serves only terminal customers.
 
 
 8
 The gist of the plaintiff's contentions is that its payment of gross revenues to the defendant for purely local rentals, apart from in-terminal rentals, violates equal protection and due process by enacting an unconstitutional contractual condition that the plaintiff must pay on its facilities within a three-mile radius. This is an untenable argument. The local government is exercising its power to spend and contract. Budget entered into a consensual agreement. The condition was not coercively imposed under the police or taxing power. Budget cites no contract case or spending power case to support its position. Budget's reliance on Allegheny Pittsburgh Coal Co. v. County Commission, 488 U.S. 336 (1989), a taxation case, is therefore misplaced.
 
 
 9
 Even in taxation and police power cases Budget's argument has failed. The Tenth and Eleventh Circuits have addressed the problem in two well-reasoned cases involving rental case and parking-lot companies' disputes with municipal air terminals. In both cases, applying the rational basis test to judge the legitimacy of access fees and contract provisions not unlike Wayne County's here, the equal protection and due process issues were rejected because rational bases for these systems were held to exist. See Allright Colorado v. City & County of Denver, 937 F.2d 1502, 1511-13 (1th Cir.1991); Alamo Rent-a-Car v. Sarasota-Manatee Airport Authority, 825 F.2d 367, 369-74 (11th Cir.1987), later appealed and aff'd in part, 906 F.2d 516, 522-23 (11th Cir.1990). Several district courts have also considered and rejected similar challenges. See, e.g., American V.I.P. Limousines v. Dade County Commissioners, 757 F.Supp. 1382, 1393 (S.D.Fla.1991); Hill Aircraft & Leasing Corp. v. Fulton County, 561 F.Supp. 667, 677-79 (N.D.Ga.1982).
 
 
 10
 I add this brief concurring opinion so that the parties, who have briefed and argued the case, will understand my reasoning process in arriving at the result reached. Although I do not find errors in the opinion of the District Court, I would add my own reasons, as stated above, to the reasons given by the District Court and adopted by colleagues.
 
 
 
 *
 The Honorable John C. Godbold, Senior Judge, Unites States Court of Appeals for the Eleventh Circuit, sitting by designation